UNITED STATES of America,
Plaintiff-Appellee,

v.

David MENDIA, Defendant-Appellant.

No. 83–5126.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1983.

Decided April 27, 1984.

Hector Salitrero, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Gerald Blank, San Diego, Cal., for defendant-appellant.

Before GOODWIN, WALLACE and TANG, Circuit Judges.

TANG, Circuit Judge:

Appellant David Mendia appeals his conviction for possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and § 846. He challenges the trial court's ruling that the seizure of evidence from the trunk of a third party's automobile did not invade his fourth amendment rights and was admissible against him. He also claims he was denied a fair trial because the district court refused to grant immunity to a prospective defense witness whom appellant alleges would have offered testimony sufficient to show that he retained a reasonable expectation of privacy in the contents of the third party's trunk such that the seizure violated his fourth amendment rights. We affirm.

*Background*

As part of a surveillance operation in April of 1982, Drug Enforcement Administration (DEA) agents followed the appellant as he left the apartment of a suspected drug dealer. Agents followed the appellant to a shopping center where he was seen entering a camera shop and then an adjacent bar. Inside the bar, appellant made several phone calls. About three hours later, Michael Leon Bronk met the appellant in the bar. Bronk and the appellant came out of the bar. While Bronk waited near the appellant's car, the appellant reentered the bar and returned two minutes later. Bronk was observed opening the trunk of his car and throwing a light colored object inside. Bronk then got in the car and drove away.

DEA agents requested sheriffs officers to stop Bronk's vehicle. After stopping Bronk, the sheriffs opened the trunk and found 20 ounces of heroin.

The appellant was charged with conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1) and 846. At trial, appellant sought to have the heroin suppressed, but the district court denied the motion, concluding that the appellant lacked standing to challenge the search of Bronk's vehicle. Appellant's motion to secure judicial immunity for Bronk was also denied.

*Fourth Amendment*

 Mendia appeals the district court's ruling that he demonstrated no violation of his fourth amendment rights in the search and seizure from Bronk's vehicle because he had abandoned any reasonable expectation of privacy in the heroin by turning it over to Bronk. To show a seizure violated his fourth amendment rights, a criminal defendant must demonstrate a reasonable expectation of privacy in the item seized. *United States v. Perez,* 644 F.2d 1299, 1303 (9th Cir.1981). Abandonment of the seized item, however, may extinguish the defendant's reasonable privacy expectations. *See United States v. Perez,* 689 F.2d 1336, 1338 (9th Cir.1982) (per curiam). The abandonment inquiry "is primarily a question of intent, and intent may be inferred from words, acts, and other objective facts." *United States v. Anderson,* 663 F.2d 934, 938 (9th Cir.1981), quoting *United States v. Jackson,* 544 F.2d 407, 409 (9th Cir.1976). A trial court's determination of abandonment is a factual issue and will not be reversed unless it is clearly erroneous. *United States v. Kendall,* 655 F.2d 199, 203 (9th Cir.), *cert. denied,* 455 U.S. 941, 102 S.Ct. 1434, 71 L.Ed.2d 652 (1981).

 The trial court determined that the appellant had abandoned his reasonable expectations of privacy in the heroin by turning it over to Bronk and making no effort to follow Bronk after Bronk drove away with the heroin in his trunk. In *United States v. Perez,* 689 F.2d 1336, this court found three defendants had demonstrated a violation of their fourth amendment rights in the seizure of narcotics from the gas tank of a truck they did not own because they maintained a proprietary interest in the narcotics by having one defendant ride in the vehicle and the two others follow it. By keeping the truck under surveillance, the defendants "took reasonable precautions to maintain their privacy interest." *Id.* at 1338. A similar element of control is lacking in this case. After giving the heroin to Bronk, the appellant made no effort to follow Bronk or maintain surveillance over the transportation of the heroin. The district court's conclusion that the appellant had abandoned his reasonable expectation of privacy by relinquishing control of the heroin is not clearly erroneous.

*Witness Immunity*

The appellant contends, however, that testimony from Bronk could establish the existence of an arrangement to return the heroin to the appellant. Appellant suggests that this arrangement, when proven, would demonstrate that he maintained a privacy interest in the heroin even though he had completely relinquished physical control of the heroin after turning it over to Bronk. Thus, appellant claims that the district court's refusal to grant immunity to Bronk effectively denied the appellant a fair trial.

 What the appellant requests, however, is beyond the power of the district court to grant. "A defendant has no absolute right to elicit testimony from any witness, codefendant or not, whom he may desire." *United States v. Carman,* 577 F.2d 556, 561 (9th Cir.1978). More importantly, however, the decision to grant immunity to prospective defense witnesses is left to the discretion of the executive branch. *United States v. Alessio,* 528 F.2d 1079 (9th Cir.), *cert. denied,* 426 U.S. 948, 96 S.Ct. 3167, 49 L.Ed.2d 1184 (1976). "To interpret the Fifth and Sixth Amendments as conferring on the defendant the power to demand immunity for co-defendants, potential co-defendants, or others whom the government might in its discretion wish to prosecute would unacceptably alter the historic role of the Executive Branch in criminal prosecutions." *Id.* at 1082. Lacking the authority to foreclose executive branch discretion in this area, a district court has neither the power to grant use immunity to individuals whom the defendant seeks to call as witnesses, nor the power to force the government to grant such immunity. *United States v. Richardson,* 588 F.2d 1235, 1241 (9th Cir.1978); *United States v. Benveniste,* 564 F.2d 335, 339 n. 4 (9th Cir.1977); *United States v. Jenkins,* 470 F.2d 1061 (9th Cir.1972), *cert. denied,* 411 U.S. 920, 93 S.Ct. 1544, 36 L.Ed.2d 313

(1973). Cf. *United States v. Lord*, 711 F.2d 887 (9th Cir.1983) (propriety of dismissal when prosecutorial misconduct creates defense witness unavailability).

AFFIRMED.