UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Robert QUINN,
Defendant-Appellant.

No. 84–1017.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1984.

Decided Nov. 2, 1984.

Sneed, Circuit Judge, filed a dissenting opinion.

Michael Nerney, Asst. U.S. Atty., Sanford Svetcov, Chief Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Eugene G. Iredale, San Diego, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, MERRILL and SNEED, Circuit Judges.

PER CURIAM.

Quinn appeals from the District Court's pre-trial ruling that he lacks standing to contest the search of his fishing vessel. We reverse.

■ Quinn had a legitimate expectation of privacy in the place searched (his boat), giving him a basis to charge that the search invaded his Fourth Amendment rights and to call for a judicial determination of the validity of this charge. *See United States v. Salvucci*, 448 U.S. 83, 91–92, 100 S.Ct. 2547, 2552, 65 L.Ed.2d 619 (1980); *Rakas v. Illinois*, 439 U.S. 128, 138–40, 143, 99 S.Ct. 421, 427–28, 430, 58 L.Ed.2d 387 (1978).

This legitimate expectation of privacy was based on the conjunction of the following:

(1) His ownership of the boat.

(2) His possessory interest in the marijuana seized, arising from his joint venture with Hunt for the smuggling of marijuana from the west coast of Colombia to Quinn's ranch in Humboldt County, California. Ownership of both the place searched and the item seized conferred standing in pre-*Rakas* cases. *See, e.g., United States v. Jeffers*, 342 U.S. 48, 49–50, 54, 72 S.Ct. 93, 94, 96, 96 L.Ed. 59 (1951). Dual ownership remains significant under the expectation of privacy standard. *See Salvucci*, 448 U.S. at 90–91 n. 5, 100 S.Ct. at 2552 n. 5; *Rakas*, 439 U.S. at 136, 99 S.Ct. at 426.

■ (3) The fact that the boat, when searched, was returning from a delivery of marijuana to Quinn and was, thus, pursuing the purpose of Quinn's joint venture. *See United States v. Pollock*, 726 F.2d 1456, 1465 (9th Cir.1984); *United States v. Johns*, 707 F.2d 1093, 1100 (9th Cir.1983), *cert. granted*, —— U.S. ——, 104 S.Ct. 3532, 82 L.Ed.2d 838 (1984); *United States v.*

*Perez*, 689 F.2d 1336, 1338 (9th Cir.1982) (per curiam). Where a joint venture is being pursued, the mere fact of a joint venturer's absence from the place searched is insufficient to establish abandonment or relinquishment of the property seized. *See Johns*, 707 F.2d at 1099–1100. *Compare United States v. Mendia*, 731 F.2d 1412, 1413 (9th Cir.1984); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 449 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984) (no interest in the continuing transport of contraband deriving from a joint venture).

(4) The fact that to find the marijuana it was necessary to pump out the forward hold of the boat, indicating that reasonable precautions had been taken to preserve privacy. *Compare Mercedes*, 708 F.2d at 449 (contraband was "arguably in plain view").

Reversed and remanded for consideration of the merits of Quinn's motion to suppress.

SNEED, Circuit Judge, dissenting:

I respectfully dissent. Quinn hoped, and no doubt to some extent expected, that the contraband would remain undetected. That is not enough to entitle him to invoke the protection of the Fourth Amendment. *See United States v. Brown*, 731 F.2d 1491 (11th Cir.1984). Rather, the test is whether the expectation that did exist corresponds to that which would have been entertained by a reasonable, but innocent and law-abiding, person having the same relationship as did the appellant to the area and objects searched. Only then is the expectation legitimate. The Fourth Amendment protects the guilty because only by doing so can the innocent be protected. The innocent are not mere incidental beneficiaries of an amendment designed to protect the guilty. The innocent are its primary beneficiaries; the reasonableness of any expectation of privacy should be ascertained from their standpoint.

Approached in this manner, I think the district court was right. Mere ownership of the boat and a joint venture to transport

non-contraband (lumber, for example) would not lead a reasonable co-owner, who was neither a member of the crew nor a passenger, to expect that any papers or valuables he placed in the hold of the boat would remain private. Our decision in *United States v. Johns*, 707 F.2d 1093 (9th Cir.1983), is distinguishable in that there both joint venturers exercised continuing control of the place searched. That is not the case here. This case falls easily within the reach of *United States v. One 1977 Mercedes Benz*, 708 F.2d 444 (9th Cir.1983), *cert. denied sub nom. Webb v. United States*, —— U.S. ——, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984).

I would affirm.