958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William George SMITH, Defendant-Appellant.
 No. 89-50347.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided March 16, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William George Smith (Smith) appeals his conviction under 21 U.S.C. § 841(a)(1) for possession of cocaine with intent to distribute. We affirm.
 
 FACTS
 
 3
 On November 10, 1988, Smith and his companion Stephanie Garnett (Garnett) were arrested outside a Federal Express office for possession of cocaine with intent to distribute. Police officers conducting surveillance at the Federal Express office became suspicious of Smith and approached him as he came out of the office. Detective Martin approached Smith, identified himself as a police officer, and asked if he could speak with Smith. The officer specifically explained that Smith was not under arrest and that he was free to leave. Detective Martin did not display any weapons nor did he raise his voice while dealing with Smith.
 
 
 4
 Smith agreed to speak with the officer. When Smith could not explain a discrepancy between his identification and the return addresses on the air bills, Martin asked Smith for consent to search the packages. Smith answered "yes." Four kilograms of cocaine covered by coffee grounds were discovered in the packages. Both Smith and Garnett were arrested. While in custody, Garnett consented to a search of her apartment. The search revealed a suitcase containing another nine kilograms of cocaine, Federal Express packing materials, and a coffee jar later found to have Smith's fingerprint on it.
 
 
 5
 Cases against both Smith and Garnett were originally presented to the grand jury. However, the grand jurors expressed reservations about Garnett's role and specifically asked the Assistant United States Attorney whether they could indict one, but not both, of the named parties in the indictment. The AUSA then presented an indictment charging only Smith with the crime. The grand jury thereupon indicted Smith.
 
 DISCUSSION
 I. Search and Seizure
 
 6
 Smith cannot object to the search of the Federal Express Packages because he did not have a legitimate expectation of privacy in the property searched. See Rakas v. Illinois, 439 U.S. 128, 140-45, 99 S.Ct. 421, 429-31, 58 L.Ed.2d 387 (1978). "A person who is aggrieved by an illegal search only through the introduction of damaging evidence secured by a search of a third person's ... property has not had any of his Fourth Amendment rights infringed." Id. at 134, 99 S.Ct. at 425. Smith has continually denied ownership or control over the packages. This disavowal of any proprietary interest in the property searched deprives Smith of a legitimate expectation of privacy. United States v. Lockett, 919 F.2d 585, 588 (9th Cir.1990) (no standing where no legitimate expectation of privacy in premises); United States v. Veatch, 647 F.2d 995, 998-99 (9th Cir.) (no legitimate expectation of privacy when defendant denied ownership of wallet), modified on other grounds, 674 F.2d 1217 (9th Cir.1981), cert. denied, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982).
 
 
 7
 Smith cannot establish a legitimate expectation of privacy through the co-conspirator exception. Smith has not shown a formalized agreement or joint control or supervision over the packages. To establish a legitimate expectation of privacy under the co-conspirator exception, he would have to do so. Lockett, 919 F.2d at 588; United States v. Johns, 851 F.2d 1131, 1136 (9th Cir.1988). Instead, he has completely disavowed any ownership, control, or supervision over the packages. See Lockett, 919 F.2d at 588 (defendant offered no evidence of control or supervision over residence searched). Smith relinquished any temporary control he had over the packages when he turned them over to Federal Express. See United States v. Mendia, 731 F.2d 1412, 1414 (9th Cir.), cert. denied, 469 U.S. 1035, 105 S.Ct. 509, 83 L.Ed.2d 399 (1984). Therefore, Smith cannot object to the search of the packages because he had no legitimate expectation of privacy in them.
 
 
 8
 Finally, we find no merit in Smith's claim that there was prosecutorial misconduct because the government presented the grand jury with an indictment that did not include Garnett after first presenting one that did. The government is permitted to request superseding indictments. United States v. Spillone, 879 F.2d 514, 522 (9th Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 173, 112 L.Ed.2d 170 (1990); United States v. Holm, 550 F.2d 568, 569 (9th Cir.), cert. denied, 434 U.S. 856, 98 S.Ct. 176, 54 L.Ed.2d 127 (1977). Here, before an indictment even issued, there was a prompt recognition by the government that the grand jury had difficulty with the proposed indictment of Garnett. Even if there were some impropriety, and we do not say there was, it would be a far cry from the sort of flagrant activity that can result in the dismissal of an indictment. See United States v. DeRosa, 783 F.2d 1401, 1405 (9th Cir.), cert. denied, 477 U.S. 908, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1986). Smith's rights were not invaded.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3