5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tirso ROBLES, Defendant-Appellant.
 No. 92-10225.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1993.
Decided Sept. 27, 1993.
As Amended Dec. 3, 1993.
 
 1
 Appeal from the United States District Court for the Eastern District of California, Robert E. Coyle, District Judge, Presiding.
 
 
 2
 E.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: REINHARDT and LEAVY, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 5
 MEMORANDUM**
 
 
 6
 On October 8, 1991 a jury convicted appellant of six counts stemming from his alleged involvement in a large-scale marijuana trafficking enterprise: continuing criminal enterprise (21 U.S.C. Sec. 848); conspiracy to possess a controlled substance with intent to distribute (21 U.S.C. Secs. 841(a)(1), 846); and possession with intent to distribute a controlled substance, aiding and abetting (21 U.S.C. Sec. 841(a)(1), 18 U.S.C. Sec. 2) (four counts).[1] On February 24, 1992, appellant was sentenced to a term of imprisonment of 240 months on the continuing criminal enterprise count, and 188 months on the remaining five counts, to be served concurrently with count one. On February 24, 1992, appellant filed his timely notice of appeal.
 
 
 7
 Appellant raises several issues on appeal. These contentions will be addressed seriatim.
 
 
 8
 Appellant first asserts that the district court denied him due process in that it allegedly permitted the government to distort the fact finding process by refusing to grant potential defense witness Isabel Moralez statutory use immunity. The Government may grant immunity from prosecution to any witness whose testimony "may be necessary to the public interest." 18 U.S.C. Secs. 6003(b)(1). A witness receiving immunity may not refuse to testify on the ground of the privilege against self-incrimination. 18 U.S.C. Sec. 6002. This variety of immunity is commonly referred to as "use immunity." United States v. Lord, 711 F.2d 887, 890 (9th Cir.1983). Use immunity means that the testimony itself and any "fruits" thereof may not be used against the witness in any criminal case except in a prosecution for perjury arising out of the testimony. Id. As a general matter, a defendant is not entitled to compel the Government to grant immunity to a witness. United States v. Westerdahl, 945 F.2d 1083, 1086 (9th Cir.1991). However, this Court has recognized "an exception to this rule in cases where the fact-finding process is intentionally distorted by prosecutorial misconduct, and the defendant is thereby denied a fair trial." Id. To prove prosecutorial misconduct a defendant must show: (1) that the evidence sought from the nonimmunized witness was relevant and (2) that the Government distorted the judicial fact-finding process by denying immunity to the potential witness. Id. In the event a defendant makes out an unrebutted prima facie showing of misconduct that prevents a witness from giving relevant testimony, the Court will remand the case to the district court to determine at an evidentiary hearing whether the government intentionally distorted the fact-finding process. Id.
 
 
 9
 To satisfy the relevance prong, defendant need not show that the testimony sought is "clearly exculpatory" or "essential to the defense." Jeffers v. Ricketts, 832 F.2d 476, 479 (9th Cir.1987), rev'd on other grounds sub nom. Lewis v. Jeffers, 497 U.S. 764 (1990). Appellant asserts that the testimony of Isabel Moralez is clearly relevant as it inculpates Isabel Moralez and exculpates appellant. On January 24, and February 2, 1990, Isabel Moralez, the brother of Bartolo Moralez, a government witness, met with former Assistant United States Attorney Mark Edelman and allegedly claimed that he, Isabel Moralez, masterminded a April 15, 1990 marijuana shipment for which Bartolo Moralez was arrested and in which appellant was implicated. In particular, he stated that he owned the marijuana and that his brother Bartolo was unaware that marijuana was in the vehicle. Isabel Moralez also allegedly stated that appellant had never been involved in the drug trade. This testimony is in conflict with that of several Government witnesses, especially Bartolo Moralez.
 
 
 10
 The district court in the case at bar made a factual finding that the statements of Isabel Moralez were not credible, ruled that the motion for statutory immunity was untimely, and ruled that the government's failure to immunize Isabel was not an intentional distortion of the fact-finding process. An examination of the relevant transcript pages reveals that the court was clearly frustrated that the motion was proffered at such a late stage in the proceedings: Isabel Moralez was not even called as a witness at the first trial and the defense apparently expressed its desire to have him testify only at the very end of its case. Moreover, the court concluded that there was no evidence to support a finding of Government impropriety or that the Government caused Isabel Moralez to assert his Fifth Amendment right. These findings will not be upset unless deemed clearly erroneous. United States v. Hart, 546 F.2d 798 (9th Cir.1976) (en banc ), cert. denied sub nom. Robles v. United States, 429 U.S. 1120 (1979). The district court's findings satisfy this standard as they were well within reason. Still yet, while appellant attaches great importance to the fact that he sought special consideration for only one witness, Isabel Moralez, while the Government granted immunity and/or reduced sentences for four witnesses, such a fact is not dispositive. It is well-settled that the number of government witnesses immunized, without more, does not support a finding of misconduct. United States v. Turkish, 623 F.2d 769, 774 (2d Cir.1980), cert. denied, 449 U.S. 1077 (1981). Thus, in sum, we conclude that there was no distortion of the fact-finding process. Accordingly, there was no violation of Westerdahl and the district court is therefore affirmed in this respect.
 
 
 11
 Second, appellant argues that the trial court improperly refused to grant judicial immunity to Isabel Moralez. The appellant cites Government of Virgin Islands v. Smith, 615 F.2d 964, 969 (3d Cir.1980), a Third Circuit case, for the proposition that the trial court has the power to grant judicial immunity to a defendant's witnesses. See Appellant's Brief at 28-32. However, Ninth Circuit precedent holds that judicial immunity is unavailable in this Circuit. See United States v. Mendia, 731 F.2d 1412, 1414 (9th Cir.1984) (holding that district courts lack the power either to grant immunity to defense witnesses or to force the government to grant such immunity). Accordingly, we reject appellant's second claim.
 
 
 12
 In his third claim appellant argues that the district court erred when it barred admission of certain hearsay statements. At trial, the appellant sought to introduce the statements of Isabel Moralez through the testimony of former Assistant United States Attorney Mark Edelman. Appellant sought introduction of this evidence under the statement against interest exception to the hearsay rule.[2] The district court denied this request, concluding that the statements lacked sufficient credibility to merit their admission.
 
 
 13
 The standard for appellate review of a district court's decision to exclude a hearsay statement under Rule 804(b)(3) is abuse of discretion. United States v. Magana-Olvera, 917 F.2d 401, 407 (9th Cir.1990). There are three requirements that must be satisfied before evidence is admissible as a declaration against penal interest when the statement is being offered to exculpate a defendant: (1) the declarant must be unavailable; (2) the statement must tend to subject the declarant to criminal liability such that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true; and (3) there are corroborating circumstances indicative of the trustworthiness of the statement. United States v. Nazemian, 948 F.2d 522, 530 (9th Cir.1991), cert. denied, 113 S.Ct. 107 (1992). An examination of the relevant transcript pages reveals that the district court did not abuse its discretion in deeming the statements not credible and the statements were properly precluded as a matter of law. See United States v. Ospina, 739 F.2d 448, 452 (9th Cir.), cert. denied, 469 U.S. 887 (1984) (emphasis added) ("the showing of corroborating circumstances must do more than tend to indicate the trustworthiness of the statements; they must clearly indicate it.)".
 
 
 14
 Next, appellant contends that the Government failed as a matter of law to adduce sufficient evidence to support his conviction for involvement in a continuing criminal enterprise (CCE) under Count one of the indictment.[3] Under the CCE statute the Government must prove: (1) a violation of the federal narcotics laws; (2) which crime is a part of a series of violations of the federal narcotics laws; (3) undertaken by the defendant and at least five other individuals; (4) with respect to whom the defendant holds a supervisory, managerial or organizational role; and (5) from which the defendant receives substantial income or resources. 21 U.S.C. Sec. 848(d). Appellant asserts that the evidence introduced by the Government was insufficient to prove that he had a "supervisory, managerial or organizational role" in the alleged marijuana business. In reviewing the sufficiency of the evidence supporting a conviction, the court must search the record to determine " 'whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendant guilty beyond a reasonable doubt of each essential element of the crime charged.' " United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991) (citation omitted). A review of the record supports the view that in fact appellant had such an organizational role in the marijuana enterprise and therefore his conviction was proper.
 
 
 15
 On a related basis appellant asserts that the trial court erred in its instruction on the CCE count. At closing, the Government summarized its evidence as to organizational control on the CCE count as follows:
 
 
 16
 The third requirement is that--in committing these violations, that Tirso supervised, organized, or managed five people. You have to be unanimous as to the five people who were organized. Just to summarize for you who these could be, it could be Alma or Susie who were organized by Tirso along the trip up to Merced. It could be Bartolo Moralez, who told you that Tirso arranged for him to be making these trips. It can be Bartolo's son, Matthew, Mateo, who was there along on the trip because Manuel and Tirso said that this would lend credibility to them. That they were less likely to be stopped if it was a family that was travelling.
 
 
 17
 [Oralia Cortez] testified that she too was organized and managed by Tirso. She helped load the truck on the August, '87 trip. She was making reservations for him when he went on these trips. Luis Cervantes testified that he was involved in the August, '87 trip because Tirso brought him into it.
 
 
 18
 I think I have listed out for you seven people. You have to agree on five that were involved and that were organized, managed, and supervised by Tirso.
 
 
 19
 The trial court, in its instruction on the CCE count, related that the jury "must unanimously agree who are the five or more persons...."
 
 
 20
 Appellant asserts that "it is clear" that he did not organize Alma Fuentes or Susie Cruz and, further, that there was confusion as to which persons and offenses the jury was to consider in order to convict appellant of the CCE. Therefore, according to appellant, plain error occurred when the trial court failed to give a unanimity instruction. United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.1983) ("[w]hen it appears ... that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts, the general unanimity instruction does not suffice.").
 
 
 21
 Both appellant and the Government attempt to find support in United States v. Jerome, 924 F.2d 170, superseded by 942 F.2d 1328 (9th Cir.1991). Recently, however, we determined that Jerome "is expressly limited to a situation where some of the supervisees, presented as such by the government to the jury, could not legally have been supervisees." United States v. LeMaux, 994 F.2d 684, 688 (9th Cir.1993) (emphasis added). Indeed, in Jerome the Government conceded at oral argument that a number of persons ostensibly managed were not properly deemed so and the Court found that other persons were not subject to being "organized" by defendant. There are no such "noncountables" here and the plain error standard of review dictates that the trial court instructed properly. Furthermore, the Court concludes that the unanimity instruction provided by the trial court sufficed to properly apprise the jury of the CCE requirements.
 
 
 22
 Next, appellant claims error in the trial court's refusal to permit him to call as a witness Assistant United States Attorney Kevin Rooney, the prosecutor in the instant trial, who allegedly made statements casting doubt on the veracity of Government witness Alma Fuentes who also testified during the initial trial. The testimony at issue stems from conversations allegedly occurring between Rooney and the court's Law Clerk, Christine Nelson, wherein Rooney allegedly acknowledged that Fuentes did not tell the truth in her trial testimony. Ms. Nelson testified at a hearing during the initial trial that "Mr. Rooney said to me that Alma Fuentes had not been truthful on the stand." While conceding that there was some dispute as to whether Rooney was referring to Fuentes' entire testimony or just that part concerning when she received her immunity, appellant asserts that it is "undisputed" that Rooney "felt at least some portion of Alma Fuentes' testimony was untruthful." This testimony, appellant argues, would have permitted the impeachment of Alma Fuentes and constituted evidence of prosecutorial misconduct.
 
 
 23
 A similar matter was addressed by this Court in United States v. Prantil, 764 F.2d 548 (9th Cir.1985), wherein the Court reviewed the district court's denial of defendant's motion to recuse the prosecutor under an abuse of discretion standard. In Prantil the defendant sought to have the prosecutor recused so that he could call the prosecutor as a witness; the prosecutor negotiated directly with defendant for surrender of a fugitive whom the defendant was charged with harboring and giving aid. The Court noted that "a defendant has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness." Id. at 551. However, the court must "honor the defendant's constitutional rights under the confrontation and compulsory process clause of the Sixth Amendment." Id. at 552. "[T]he district judge is charged with the responsibility of making determinations as to the materiality of witness testimony." Id. Because the testimony in Prantil was not offered for mere purposes of duplicative impeachment, but rather was vital to the instant charge, and the prosecutor was "a witness to, and indeed a participant in, some aspect of all the events alleged in the indictment," the Prantil Court held that the trial court abused its discretion in denying the timely motion for substitution. Id. at 551.
 
 
 24
 Mindful of the venerable advocate-witness rule, this Circuit recognizes that a defendant must show a "compelling need" before a participating prosecutor will be permitted to testify. United States v. Tamura, 694 F.2d 591, 601 (9th Cir.1982). The purpose of the testimony here goes to impeachment and therefore does not satisfy this standard. Moreover, there is no allegation that Rooney had any personal knowledge of events, unlike the prosecutor in Prantil; he merely expressed his opinion as to some or all of Alma Fuentes' former testimony. A similar claim was considered and rejected in Tamura: "As the trial court noted, the prosecutor could not properly testify that [the witness] had seemed unsure of his story and that the prosecutor had been skeptical; these were merely the prosecutor's opinions about [the witness'] credibility." Id. In sum, the trial court acted properly in this regard.
 
 
 25
 In his seventh claim, appellant argues that the Government engaged in prosecutorial misconduct because it used the testimony of Alma Fuentes, notwithstanding that Assistant United States Attorney Rooney allegedly previously expressed the view that at least some of her testimony at the first trial of appellant was untruthful. However, the appellant failed to raise the issue below and the matter is therefore waived in the instant appeal. Devine v. United States, 278 F.2d 552, 555-56 (9th Cir.1960).
 
 
 26
 Finally, appellant contends that the evidence obtained pursuant to the search of his automobile was improperly admitted and that he is entitled to a new trial on this basis. On February 29, 1988 Merced County Sheriff's officers were notified to be on the lookout for appellant because he was suspected of spousal battery and assault with a deadly weapon, felony violations. The report indicated that the subject was possibly in the possession of a handgun. Sheriffs thereafter saw appellant in a white Trans Am. Appellant was immediately taken into custody, whereupon a search revealed a "gun pouch" containing $17,129 in cash. Appellant moved to suppress the money, arguing that the arrest lacked probable cause, the search was not incident to a lawful arrest, and that the officers exceeded the permissible scope of the search incident to a lawful arrest. Appellant subsequently withdrew his request for an evidentiary hearing. The motion to suppress was denied and the evidence of the money was introduced at trial. The court deemed the search to be contemporaneous with the arrest of appellant.
 
 
 27
 Appellant now asserts that the search was improper because it was not contemporaneous with his arrest. This question is arguably waived because it was not a matter of dispute below, although it was the basis of the district court's decision to admit the evidence. The propriety of a warrantless search is a mixed question of law and fact. The district court's findings will be upheld unless they are clearly erroneous, while the ultimate legal conclusions that probable cause existed and that an exception to the warrant requirement applied are reviewed de novo. United States v. George, 883 F.2d 1407 (9th Cir.1989). The court's finding that the search was contemporaneous is not clearly erroneous. The police report read as follows:
 
 
 28
 Upon contact the driver verbally identified himself as Tirso Robles. He was then taken into custody at gunpoint.
 
 
 29
 Upon a cursory search of the vehicle Dep. Jensen found what appeared to be a handgun pouch[;] upon opening it we found a large amount of cash. At this time we seized all the cash and transported Robles to the Merced County Jail where he was booked on the above charges.
 
 
 30
 On this basis, no error occurred.
 
 
 31
 In sum, the Court concludes that the district court committed no error in appellant's trial and appellant's conviction is therefore
 
 
 32
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant and several co-defendants were tried before a jury as to related counts May-June, 1991. A mistrial was declared when the jury was unable to reach a unanimous verdict
 
 
 [2]
 Federal Rule of Evidence 804(b)(3) provides:
 Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far needed to subject the declarant to criminal liability, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
 
 
 [3]
 The Court admits to some confusion in appellant's argument in this regard. The briefs on appeal claim error only as to the sufficiency of the evidence on the CCE count, with particular emphasis placed on the Government's ability to prove that appellant managed, organized or supervised the requisite number of other actors in the enterprise. At oral argument counsel appeared to assert that the Government in its prosecution was limited to the acts and chronology alleged in the indictment, and because the Government allegedly relied upon evidence extraneous to the indictment, appellant's conviction is somehow infirm. Whatever the merits of this argument, we discern no need to address this claim because the matter was not briefed on appeal. See Williams v. United States Gen. Services Admin., 905 F.2d 308, 312 (9th Cir.1990)