15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy BATES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samgodsen ESSELL, Defendant-Appellant.
 Nos. 92-50088, 92-50100 and 92-50189.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1993 in Nos. 92-50018 and 92-50100.
Submitted Dec. 7, 1993 in No. 92-50189.*
Decided Dec. 29, 1993.
 
 Before: HUG, SCHROEDER, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samgodsen Essell appeals from his conviction and sentence for conspiracy to distribute heroin, in violation of 21 U.S.C. Secs. 841(a)(1) & 846; conspiracy to import heroin, in violation of 21 U.S.C. Secs. 952(a)(1) & 963; possession with intent to distribute heroin, in violation of 21 U.S.C. Sec. 841(a)(1); attempt to import heroin, in violation of 21 U.S.C. Secs. 952(a) & 960(a)(1); and attempt to import marijuana, in violation of 21 U.S.C. Secs. 952(a) & 960(a)(1). Essell contends that the district court erred by (1) denying his request for a jury instruction on entrapment; (2) denying his motion to suppress marijuana seized from a container sent to a DEA agent by Essell; (3) allowing the government to present secondary evidence relating to bundles of marijuana that were destroyed by the government prior to trial; (4) sentencing Essell based on a guideline calculation for involvement with 30 kilograms of heroin and imposing a four-level enhancement for Essell's leadership role in the offense; and (5) failing to make specific findings on disputed sentencing matters, as required by Fed.R.Crim.P. 32.
 
 
 3
 Leroy Bates appeals from the sentence imposed following his guilty plea and conviction for aiding and abetting in the distribution of heroin, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2(a). Bates contends that (1) the government breached his plea agreement by failing to move for a downward departure at sentencing and failing to raise his cooperation at his probation revocation hearing; (2) the district court erred by giving him a two-level upward adjustment for obstruction of justice; and (3) he received ineffective assistance of counsel at sentencing.
 
 
 4
 Essell and Bates were indicted on a related series of drug offenses. Bates introduced Ed Wingender, a confidential informant for the government, to Robert Bledsoe to set up a drug transaction. Bledsoe then introduced Wingender to Godwin Iwunze, who sold Wingender small amounts of heroin he received from sources in Nigeria, including Essell. Wingender and Edward Follis, a DEA agent, set up drug transactions with Essell through Iwunze, and eventually dealt directly with Essell. Essell was arrested and prosecuted after agreeing to ship 1,000 kilograms of marijuana and 15 kilograms of heroin to Agent Follis. Iwunze, Bates and Bledsoe also were prosecuted as a result of these transactions. These appeals involve Essell and Bates only. We affirm in both appeals.
 
 The Essell Appeal
 
 5
 The district court did not err by declining to give an entrapment instruction. The evidence was overwhelming that Essell was prepared to engage in drug trafficking long before he met Wingender or Follis. Nor was there adequate evidence of inducement to support an entrapment instruction. Essell did offer evidence that he was threatened by Wingender, and the district court appropriately gave an instruction on duress.
 
 
 6
 The district court also did not err in denying Essell's motion to suppress marijuana found in the search of a container Essell shipped to an undercover agent. Essell lacked standing to contest the search because, by placing the container on a ship and surrendering the bill of lading, Essell abandoned the container. United States v. Mendia, 731 F.2d 1412 (9th Cir.), cert. denied, 469 U.S. 1035 (1984); see United States v. Nordling, 804 F.2d 1466 (9th Cir.1986).
 
 
 7
 The district court permitted the government to introduce videotapes of the opening of the container in which the marijuana was sent, the opening of the rubber bales, the removal of the bundles inside, the number of bundles, and a description of the bundles themselves and the way they were packed. The government had destroyed the actual bundles, and the defendant objected on due process grounds to the admission of the secondary evidence. The prosecution's failure to preserve potentially exculpatory evidence, however, violates due process rights only if the defendant is able, inter alia, to show that the government destroyed the evidence in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). There was no bad faith in this case. Appellant also argues that the destruction deprived him of the ability to examine tangible objects pursuant to Fed.R.Crim.P. 16. However, the district court did not permit the government to make use, directly or indirectly, of the tangible evidence because it prevented the government from presenting any evidence of the total weight of the shipment or of the chemical nature of the destroyed matter. This is a reasonable sanction under Rule 16, and the district court did not abuse its discretion.
 
 
 8
 The appellant's challenge under Fed.R.Evid. 403 to the admission of the secondary evidence is also without merit and was not even raised at trial. The evidence was probative because it identified the seized shipment. Essell has not demonstrated that the evidence could in any way have confused the jury and caused undue prejudice.
 
 
 9
 Essell's principal challenge with respect to sentencing is that he should not have been sentenced on the basis of more than ten kilograms of heroin because that was the only amount he negotiated to sell and was able to deliver. Even though no heroin was discovered in the container sent by Essell, there was evidence in the record that he agreed to send Follis 15 kilograms and later agreed to send 15 more. The court did not err in basing its sentence on 30 kilograms. See United States v. Barnes, 993 F.2d 680, 682-84 (9th Cir.1993). Also contrary to Essell's contentions on appeal, the evidence shows that he did play a leadership role in the offense by planning and organizing the shipment. His challenge to the use of the destroyed marijuana to calculate the sentence provides no grounds for vacating the sentence because that amount did not change the base offense level, and he was sentenced at the bottom of the applicable range.
 
 
 10
 Finally, Essell contends that the district court erred in failing to make factual findings regarding disputed sentencing matters, as required by Fed.R.Crim.P. 32(c)(3)(D). The district court, however, clearly indicated that it understood the objections and that it adopted the presentence report and recommendation. This is all that Rule 32 requires. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 The Bates Appeal
 
 11
 Appellant Bates' principal contention is that the government violated his plea agreement by failing to move for a downward departure based on substantial assistance and by failing to raise his cooperation at his probation revocation hearing. Bates raised no objection to the government's actions in the district court and hence has waived his right to appeal the alleged breach. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 12
 Bates contends that the district court erred by enhancing his base offense level by two points for obstruction of justice in connection with apparent perjured testimony at the trial of his co-defendants. His increase is authorized by U.S.S.G. Sec. 3C1.1. The district court's findings of willful perjury are supported by the evidence. We do not agree with the appellant that his commission of perjury as a government witness in a prosecution resulting in acquittal was "immaterial" and "collateral." The district court found that the false testimony caused the jury to look on the entirety of Bates' testimony disfavorably and very likely contributed to Bledsoe's acquittal.
 
 
 13
 Finally, we conclude that Bates' ineffective assistance of counsel motion is premature and will require development of facts outside the record. United States v. Miskinis, 966 F.2d 1263, 1268-69 (9th Cir.1992).
 
 
 14
 The sentence and conviction of Essell in Appeal No. 92-50189 is AFFIRMED, and Bates' sentence in Appeal Nos. 92-50088 and 92-50100 is AFFIRMED.
 
 
 
 *
 The panel finds the case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3