**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Hector Precadio RENTERIA, Defendant—Appellant.**

No. 99–50619.

D.C. No. CR–99–00186–ER–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2000.

Withdrawn from Submission Oct. 15, 2001.

Decided Aug. 19, 2002.

Before D.W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

### MEMORANDUM*

Hector Precadio Renteria ("Renteria") appeals his conviction for conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Renteria argues that the district court erred in finding that he lacked standing to contest the legality of the search in which the cocaine was discovered. Renteria also argues that because the drug quantity was not submitted to the jury and proved beyond a reasonable doubt, his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Renteria further claims that the district court's finding of drug quantity by a preponderance of the evidence violated the constitutional rule announced in *Apprendi* because it resulted in an increase in the statutory minimum sentence to which he was subject. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

### Standing To Contest The Search

The district court's finding that Renteria went to the 60th Street house solely to view the drugs was not clearly erroneous. Co-defendant Sergio Renteria's Memorandum of Points and Authorities in support of his motion to suppress states, "The CI and Hector then left the dwelling, five minutes after having previously entered." In joining Sergio's motion to suppress, Renteria never refuted nor disclaimed any part of it. This information

* This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.

was therefore part of the record on which the district court was entitled to rely.

■ This case is controlled by *Minnesota v. Carter*, 525 U.S. 83, 90, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). As in *Carter*, Renteria was in the 60th Street house for a short period of time—a matter of minutes, compared with a couple of hours for the petitioners in *Carter*, Also like in *Carter*, there is no evidence of a previous relationship with the householder. Nor is there evidence that Renteria and his co-defendants were using the house for anything other than "simply a place to do business." *Carter*, 525 U.S. at 90.

Renteria's claim that he was an "invited guest" in the house with a partial ownership interest in the drugs seized is insufficient to confer standing. Although a possessory interest in the object seized is relevant to whether a legitimate expectation of privacy exists, *see United States v. Quinn*, 751 F.2d 980, 981 (9th Cir.1984) (per curiam), this fact alone is insufficient to establish a legitimate expectation of privacy in the area searched. *See Rawlings v. Kentucky*, 448 U.S. 98, 105, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) (finding that the petitioner did not have a legitimate expectation of privacy in a friend's purse merely because he owned the drugs contained therein). Similarly, Renteria's bald assertion that he was an "invited guest" is insufficient to confer standing. *See United States v. Armenta*, 69 F.3d 304, 308 (9th Cir.1995) ("[Appellant's] bald assertion that he was an overnight guest ... is not

sufficient to establish that he had a legitimate expectation of privacy in the house."). The petitioners in *Carter* were also "invited guests" in the sense that they were on the premises with the permission of the householder. The real question, though, is whether Renteria was a "guest" in a sense that suggests a "degree of acceptance into the household," as would be expected of an overnight guest. *Carter*, 525 U.S. at 90. Renteria has provided no facts that would allow us to draw such a conclusion. Therefore, he has not met his burden of showing that he had a legitimate expectation of privacy in the 60th Street house. *See Rawlings*, 448 U.S. at 104 (party seeking suppression of evidence bears the burden of proving that he had a legitimate expectation of privacy in the area searched).

■ Finally, the district court did not abuse its discretion in denying an evidentiary hearing on this issue. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.1986) ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court."). The district court's conclusion that the allegations in Renteria's declaration, even if true, did not give Renteria the necessary expectation of privacy to challenge the search is supported by the case law and the facts as presented.[1]

### Apprendi Claims

Renteria did not object to the district court's finding of drug quantity at sentenc-

---

1. The cases Reneteria cites in support of his request for remand are inapposite. In *United States v. Freitas*, 716 F.2d 1216, 1220 (9th Cir.1983), we held that it would be unfair to deny the appellant standing when the district court had specifically denied him an opportunity to be heard on the issue at the suppression hearing. In contrast, in this case, the entire April 13, 1999, hearing before the district court was addressed to the issue of standing, and standing was the basis for the

district court's denial of the suppression motion. In *United States v. Armenta*, 69 F.3d 304 (9th Cir.1995), the court remanded for further proceedings because the district court "never expressly ruled on [appellant's] suppression motion regarding the motor home, or his standing to assert a privacy interest in it." *Id.* at 309. That case has no bearing on whether this case should be remanded for an evidentiary hearing.

ing. Therefore, we will not grant relief unless the *Apprendi* error was "plain." *United States v. Nordby*, 225 F.3d 1053, 1059–60 (9th Cir.2000), *overruled on other grounds by United States v. Buckland*, 289 F.3d 558, 567–68 (9th Cir.2002)(en banc). In order to demonstrate plain error, an appellant must show that: (1) there was "error"; (2) the error was "plain"; and (3) the error affected "substantial rights." *Id.* at 563. If these conditions are met, we may exercise our discretion to notice the forfeited error only if the error (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

██ We have repeatedly held that no plain error under *Apprendi* exists where the defendant's actual sentence is below the statutory maximum authorized by the jury's verdict. *United States v. Antonakeas*, 255 F.3d 714, 728 (9th Cir.2001); *United States v. Saya*, 247 F.3d 929, 942 (9th Cir.2001)(as amended), *cert. denied*, — U.S. —, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *United States v. Scheele*, 231 F.3d 492, 497 n. 2 (9th Cir. 2000). In this case, Renteria's sentence of 120 months in prison and eight years of supervised release was well below the statutory maximum authorized under 21 U.S.C. § 841(b)(1)(C) (authorizing a maximum prison term of 20 years–30 years with a prior felony drug conviction-and a "term of supervised release of *at least* 6 years in addition to such term of imprisonment" for an undetermined amount of cocaine(emphasis added)).

That the district court's drug quantity determination also increased Renteria's statutory minimum sentence does not alter this result. We have held that "mandatory minimums do not implicate *Apprendi.*" *United States v. Hitchcock*, 286 F.3d 1064,

1073, as amended No. 00–10251, 2002 WL 1770516, at *1 (9th Cir. Aug.2, 2002)(citing *United States v. Harris*, — U.S. —, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)).

AFFIRMED.