963 P.2d 1215

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael F. FOLDESI, Defendant–Appellant.**

**No. 23615.**

Court of Appeals of Idaho.

Aug. 21, 1998.

Poole & Samuelsen, Boise, for Defendant-Appellant.

Alan G. Lance, Attorney General; Kevin J. Wladyka, Deputy Attorney General, Boise, for Plaintiff-Respondent.

LANSING, Chief Judge.

This case arises from the warrantless search of a vehicle incident to the driver's arrest for driving without a valid driver's license (her license having expired). During the search, controlled substances were found, and the passenger, who was also the owner of the automobile, was charged with possession of a controlled substance. This appeal presents issues as to whether the passenger/owner has standing to challenge the search of the vehicle and, if so, whether the search was impermissible because the arrest upon which it was based was unlawful.

## FACTS

A police officer for the city of Emmett stopped a vehicle for speeding. The automobile was being driven by Yvonne Holloway but was owned by Michael F. Foldesi, who was also a passenger in the car. Upon learning that Holloway's driver's license had expired, the officer arrested her for operating a motor vehicle without valid license, I.C. §§ 49–301, handcuffed her and put her in his patrol car. The officer then returned to the Foldesi automobile and asked Foldesi to step out of the car so the officer could search it. Foldesi initially refused. After several requests from the officer, Foldesi finally exited the vehicle but, as he did so, locked the doors. When the officer requested the key so he could unlock the car and conduct the search, Foldesi declined to relinquish the keys. The officer, tiring of Foldesi's recalcitrance, placed him under arrest for obstructing and delaying an officer, I.C. § 18–705. He then took the keys from Foldesi, unlocked the car, and searched the passenger compartment. During this search, the officer found a leather bag containing a white substance which, upon testing, proved to be methamphetamine. Drug paraphernalia was also found. Foldesi was subsequently charged with felony possession of a controlled substance, I.C. § 37–2732(c)(1), misdemeanor possession with intent to use drug paraphernalia, I.C. § 37–2734A, and obstructing and delaying a law enforcement officer.

Foldesi filed a motion to suppress the evidence found in the search of his automobile, alleging that the search was unlawful under the Fourth Amendment to the United States Constitution and Art. I, § 17 of the Idaho Constitution on the theory that the driver's arrest, which served as the predicate for the search incident to arrest, was illegal. The district court denied the motion, and Foldesi proceeded to a jury trial. He was found guilty of all charges. On appeal, Foldesi asserts error in the denial of his suppression motion.

## ANALYSIS

In reviewing the disposition of the suppression motion, we defer to the trial court's findings of fact unless they are clearly erroneous, but we independently determine whether, on the facts found, constitutional standards have been satisfied. *State v. Luna*, 126 Idaho 235, 236, 880 P.2d 265, 266 (Ct.App.1994); *State v. Carr*, 123 Idaho 127, 129, 844 P.2d 1377, 1379 (Ct.App.1992). In this case, there is no factual dispute, and the appeal therefore presents only issues of the proper application of law to uncontroverted facts.

Warrantless searches of automobiles are violative of the Fourth Amendment to the United States Constitution and Art. I, § 17 of the Idaho Constitution unless a recognized exception to the warrant requirement applies. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *State v. Foster*, 127 Idaho 723, 726, 905 P.2d 1032, 1035 (Ct.App.1995); *State v. Wight*, 117 Idaho 604, 607, 790 P.2d 385, 388 (Ct.App.1990). A search incident to a lawful arrest is such an exception. *Chimel v. California*, 395 U.S.

752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Foster*, 127 Idaho at 728, 905 P.2d at 1037; *Wight, supra.* Under both the federal and state constitutions, "When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Charpentier*, 131 Idaho 649, 962 P.2d 1033 (1998); *State v. Harvill*, 98.15 ISCR 643, 131 Idaho 720, 963 P.2d 1157 (1998). Foldesi contends, however, that the search at issue here cannot be justified as a search incident to Holloway's arrest because the arrest was unlawful.[1]

The State responds that the Court should not address Foldesi's argument that Holloway's arrest was unlawful because the argument was not presented in a pretrial suppression motion. The record shows the State's argument to be incorrect. Although Foldesi did not raise this issue on his first motion to suppress evidence, after changing attorneys he filed a second suppression motion. The second motion presented the same ground for suppression that is now urged on appeal. The record does not indicate that the prosecutor objected to this second motion as being untimely or otherwise procedurally improper. Therefore, we deem the issue to be properly before us for disposition.

**A. Foldesi Has Standing to Contest Search of His Vehicle**

■ It appears that the district court's rejection of Foldesi's motion was based, in part, upon the court's doubt that Foldesi had standing to raise the issue because his objection was based upon the illegality of the arrest of a third party. Therefore, our threshold inquiry is whether Foldesi has standing to raise this challenge to evidence found in the search of his vehicle.

■ It is well established that the Fourth Amendment's protection is a personal right which may not be vicariously asserted; it may be enforced by the exclusion of illegally acquired evidence only at the behest of one whose rights were infringed by the government. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Vasquez*, 129 Idaho 129, 131, 922 P.2d 426, 428 (Ct.App.1996); *Luna*, 126 Idaho at 236, 880 P.2d at 266. Since an illegal search violates the rights only of those who have a legitimate expectation of privacy in the place or property searched, only those with such a privacy interest may obtain suppression of the fruits of the search. *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *Rakas, supra; Vasquez, supra.* In *Rakas*, the United States Supreme Court concluded that an automobile search did not infringe the Fourth Amendment rights of passengers who claimed no ownership or possessory interest in the automobile. The Court reasoned that the passengers had no legitimate expectation of privacy in the areas that were searched. *Rakas*, 439 U.S. at 148. Adhering to this authority, we have held that passengers who claim neither ownership nor possessory rights in a vehicle generally may not be heard to challenge a search of the vehicle if the traffic stop was lawful. *State v. Troughton*, 126 Idaho 406, 410, 884 P.2d 419, 423 (Ct.App.1994).[2]

Although a property interest in the thing searched is an important factor, ownership

---

1. This appeal does not present an issue as to whether the search, which the officer was attempting to initiate before Foldesi was arrested, can be justified as a search incident to Foldesi's own arrest. The district court observed that if the prosecution was presenting this as a search incident to the arrest of Foldesi, the court would hold the search invalid because police should not be allowed to "lift themselves by their bootstraps" by demanding to search and, if the vehicle occupant says "no," using that resistance as an excuse to arrest the occupant. On appeal, the State does not challenge this determination of the district court or otherwise argue that the

search could properly be conducted pursuant to Foldesi's own arrest.

2. If the stop was illegal at the outset or later turned into an unlawfully extended detention, the passenger has standing to challenge evidence taken during a subsequent search because the passenger's own freedom of movement has been infringed by the stop. *State v. Haworth*, 106 Idaho 405, 406, 679 P.2d 1123, 1124 (1984); *Troughton*, 126 Idaho at 410, 884 P.2d at 423; *Luna*, 126 Idaho at 237–38, 880 P.2d at 267–68.

alone is not determinative in a standing analysis. Thus, a number of courts have held that the owner or renter of an automobile did not suffer an infringement of his or her Fourth Amendment rights where, before the search, the owner/renter had turned the automobile over to another for the other's exclusive use and took no precautions to safeguard any privacy interest. *United States v. Dall,* 608 F.2d 910, (1st Cir.1979); *United States v. Blanco,* 844 F.2d 344, 349 (6th Cir.1988); *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 449 (9th Cir.1983).

Other cases, however, hold that even an absent owner or renter has standing to question the lawfulness of a search where the circumstances show that the owner/renter retained a subjective and reasonable expectation of privacy in the searched vehicle. *United States v. Kye Soo Lee,* 898 F.2d 1034, 1038 (5th Cir.1990) (holding that defendant who had rented truck and placed padlock on truck's cargo hold door retained expectation of privacy from governmental intrusion even though he had entrusted the truck and keys, including key to cargo hold, to two others); *United States v. Jenkins,* 92 F.3d 430, 434–35 (6th Cir.1996), *cert. denied* — U.S. ——, 117 S.Ct. 1436, 137 L.Ed.2d 543 (1997) (holding that owner of trucking company who entrusted trucks and trailers to employee drivers and ordered loaded trailers locked and sealed to guard against shortages and employee theft had legitimate expectation of privacy in the trailer); *United States v. Powell,* 929 F.2d 1190, 1196 (7th Cir.1991) (holding that one who owned a truck or claimed a possessory interest in its contents had standing to challenge search inside pickup's camper shell); *United States v. Quinn,* 751 F.2d 980 (9th Cir.1984) (holding that owner of fishing vessel who was also a joint venturer in a marijuana smuggling operation had legitimate expectation of privacy in the vessel though he was not on the boat when it was searched).

In the case before us, Foldesi had a reasonable expectation of privacy in his own automobile. He had not relinquished possession or control to a third party but was occupying the vehicle when it was stopped. The mere fact that he was allowing someone else to drive did not extinguish his legitimate privacy interest.

■ Of course, the arrest of Holloway, even if unlawful, did not directly infringe a constitutional right of Foldesi; but when that arrest was used as the predicate for a search of his vehicle, Foldesi's own Fourth Amendment rights were implicated. A warrantless search incident to an arrest is permissible only if the arrest was lawful. *Belton, supra; State v. Pannell,* 127 Idaho 420, 425, 901 P.2d 1321, 1326 (1995); *Wight, supra.* Therefore, if Holloway's arrest was illegal, so was the search of Foldesi's car. It follows that Foldesi has standing to challenge the legality of the arrest and of the associated search.

## B. Arrest for Driving Without a Valid License Was Illegal

■ We turn, then, to the merits of Foldesi's argument that the officer exceeded the bounds of his authority when he placed Holloway under arrest. Foldesi contends that Idaho statutes prohibit arrests for the misdemeanor offense of driving with an expired license and that the officer should have issued a citation to Holloway instead of arresting her.[3]

Operating a motor vehicle in this state without a valid driver's license is a misdemeanor. I.C. §§ 49–236, –301, –331(8). As a general proposition, a police officer may, without a warrant, make an arrest for a misdemeanor committed in the officer's presence. I.C. § 19–603(1). This general arrest authority is modified, however, with respect to misdemeanor violations of Title 49 of the Idaho Code, which regulates motor vehicles and their operation. Idaho Code § 49–1409 provides: "Whenever a person is halted by a peace officer for a misdemeanor traffic violation and is not taken before a magistrate as required or permitted by this title, the officer *shall* issue a citation as provided by section 19–3901, Idaho Code, and by rule of the supreme court." (Emphasis added.) Thus,

---

**3.** This is an issue which the Idaho Supreme Court touched upon in *State v. Headley,* 130 Idaho 339, 941 P.2d 311 (1997), but declined to resolve because the issue had not been presented to the trial court.

for misdemeanor traffic violations, an officer must issue a citation rather than make an arrest unless there exist circumstances under which an arrest is specifically " required or permitted" under Title 49.

No statute requires an arrest for the offense of driving with an expired license. The circumstances under which an arrest for this misdemeanor is permitted are specified in I.C. § 49–1407.[4] The relevant portion of that statute provides:

> Whenever any person is halted by a peace officer for any misdemeanor violation of the provisions of this title and is not required to be taken before a magistrate, the person shall, in the discretion of the officer, either be given a traffic citation or be taken without unnecessary delay before the proper magistrate as specified in section 49–1411, Idaho Code, in the following cases:
>
> (1) When the person does not furnish satisfactory evidence of identity or when the officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court.

The discretion conferred by this statute for an officer to take a traffic violator into custody is not applicable in this case, for the prosecution presented no evidence that Holloway was unable to furnish satisfactory evidence of identity or that she gave the officer reason to believe that she would fail to make a court appearance as directed in a citation. The driver's license that she showed the officer was reasonable evidence of her identity even though it had expired, and nothing in the record indicates that Holloway had previously failed to appear at court proceedings or would be inclined to disregard a citation. We conclude, therefore, that under the governing statutes, the officer was limited to issuing Holloway a citation for driving without a valid license.[5]

Because Holloway's arrest was unlawful, the search of Foldesi's automobile incident to that arrest violated his Fourth Amendment rights. Accordingly, the district court was in error in denying Foldesi's motion to suppress evidence acquired through this search.

Foldesi's judgment of conviction is vacated, the order denying his motion for suppression of evidence is reversed. This case is remanded to the district court for further proceedings.

PERRY and SCHWARTZMAN, JJ., concur.

---

4. There are other statutes which give officers authority to arrest for particular types of traffic offenses that are not at issue here. For example, I.C. § 49–1405 provides that the authority to make an arrest is the same as upon arrest for a felony when a person is being charged with certain delineated serious offenses, which do not include driving without a valid license; and I.C. § 49–1408 authorizes the arrest of a non-resident who is involved in an accident when the officer has probable cause to believe that the person committed a traffic offense. Subsections (2) and (3) of § 49–1407 also provide for the arrest of persons charged with certain offenses related to vehicle inspection, testing and weight restrictions.

5. The Ninth Circuit Court of Appeals has also held that I.C. § 49–1407 (then codified as I.C. § 49–1111) narrows the broader arrest authority conferred by I.C. § 19–603. *Tanner v. Heise,* 879 F.2d 572, 579 (9th Cir.1989). In that case, the court ruled that law enforcement officers could not lawfully arrest for the offense of driving without a valid license unless the criteria of Section 49–1407 are met.