85 P.3d 683

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael Jason BROWN, Defendant–Appellant.**

No. 28882.

Court of Appeals of Idaho.

Feb. 11, 2004.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

This is an appeal from an order denying Michael Jason Brown's motion to suppress evidence found during a search of his vehicle conducted incident to Brown's arrest for driving without a valid license. Brown contends that his arrest was illegal and therefore the associated warrantless search was unjustified. We affirm.

## I.

## BACKGROUND

A Boise police officer observed Brown running a red light. After being stopped, Brown was unable to produce a driver's license, although he did have an Idaho identification card. Brown indicated that his driver's license was invalid. The officer ran the identification card through dispatch and confirmed that it was issued to Brown. The identification card listed a Twin Falls address, but Brown told the officer that he lived in Caldwell. When asked for his vehicle registration, Brown proffered registration for a different automobile. Brown said that he had recently purchased the vehicle, did not have a bill of sale with him and had not yet changed the title. He was further unable to provide proof of insurance. When the officer discovered that the license plates on the car were neither in Brown's name, nor even for this vehicle, Brown said that the plates had been given to him by the vehicle's previous owner.

After concluding Brown would be difficult to locate in the future and was a risk to not appear in court if issued a citation, the officer arrested Brown for driving without a valid license. The officer then searched the vehicle incident to the arrest and found two bindles of methamphetamine and paraphernalia. Brown was consequently charged with possession of methamphetamine, Idaho Code § 37–2732(c), and misdemeanor possession of drug paraphernalia, I.C. § 37–2734A, as well as driving without a license, I.C. § 49–301.

Brown filed a motion to suppress the evidence found in his car, asserting that the search of the vehicle was not valid because his arrest had been illegal. The premise of

Brown's motion was that under I.C. § 49–1409, the officer was required to give Brown a citation, rather than place him under arrest, for driving without a valid license. The district court denied the motion. Brown then entered a guilty plea conditioned upon his ability to later appeal the district court's decision denying his suppression motion.

Brown now appeals, asserting that the district court erred in denying his motion to suppress.

## II.

## ANALYSIS

The Fourth Amendment generally prohibits warrantless searches, but a search incident to a lawful arrest is a valid exception to the warrant requirement. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *State v. Charpentier,* 131 Idaho 649, 653, 962 P.2d 1033, 1037 (1998). The question presented by this appeal is whether Brown's arrest was unlawful and hence the search conducted incident to that arrest violated the Fourth Amendment. This is an issue of law over which we exercise free review. *State v. Julian,* 129 Idaho 133, 135, 922 P.2d 1059, 1061 (1996); *State v. Hawkins,* 131 Idaho 396, 400, 958 P.2d 22, 26 (Ct.App.1998).

Under the Idaho statutes that govern motor vehicle offenses (Title 49 of the Idaho Code), the general authority of police officers to effect a warrantless arrest is limited. The governing statutory scheme was described as follows in *State v. Foldesi,* 131 Idaho 778, 781–82, 963 P.2d 1215, 1218–19 (Ct.App. 1998):

> Operating a motor vehicle in this state without a valid driver's license is a misdemeanor. I.C. §§ 49–236, –301, –331(8). As a general proposition, a police officer may, without a warrant, make an arrest for a misdemeanor committed in the officer's presence. I.C. § 19–603(1). This general arrest authority is modified, however, with respect to misdemeanor violations of Title 49 of the Idaho Code, which regulates motor vehicles and their operation. Idaho Code § 49–1409 provides: "Whenever a

person is halted by a peace officer for a misdemeanor traffic violation and is not taken before a magistrate as required or permitted by this title, the officer *shall* issue a citation as provided by section 19–3901, Idaho Code, and by rule of the supreme court." (Emphasis added.) Thus, for misdemeanor traffic violations, an officer must issue a citation rather than make an arrest unless there exist circumstances under which an arrest is specifically "required or permitted" under Title 49.

No statute requires an arrest for the offense of driving with an expired license. The circumstances under which an arrest for this misdemeanor is permitted are specified in I.C. § 49–1407. The relevant portion of that statute provides:

> Whenever any person is halted by a peace officer for any misdemeanor violation of the provisions of this title and is not required to be taken before a magistrate, the person shall, in the discretion of the officer, either be given a traffic citation or be taken without unnecessary delay before the proper magistrate as specified in section 49–1411, Idaho Code, in the following cases:
>
> (1) When the person does not furnish satisfactory evidence of identity or when the officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court.

Brown contends that I.C. § 49–1407(1) is inapplicable because he produced a valid identification card and the officer had no reasonable ground to believe Brown would fail to appear in court if issued a citation. We disagree. Section 49–1407(1) allows officers to arrest when the officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court. Here, the officer testified that he decided to make an arrest because he believed Brown was likely to fail to make the required court appearance. We conclude that the State has shown that this belief on the part of the officer was reasonable. As the officer requested information from Brown, his suspicions were piqued because of the many unusual circumstances. Brown

had no driver's license and no proof of insurance. The registration he produced was for a different vehicle. The license plates were fictitious, neither matching the vehicle nor being registered to Brown. Brown claimed to have recently purchased the vehicle, but he could produce no bill of sale. Although Brown produced a valid Idaho identification card, it listed an address different than the one that Brown gave to the officer. Collectively, these many irregularities support a reasonable inference that Brown was making an effort to conceal his true place of residence or to avoid being identified or located through his use of an unregistered vehicle. These circumstances paint a portrait that is the antithesis of a responsible, law-abiding person who is likely to take seriously his responsibility to appear in court to answer on a citation. Under the totality of the circumstances here, we hold that the officer could reasonably have concluded that Brown was a risk to not appear in court. Consequently, the arrest was lawful and the district court did not err in denying Brown's suppression motion.

The order of the district court denying Brown's motion to suppress evidence is affirmed.

Judge PERRY and Judge GUTIERREZ concur.