IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37146

| STATE OF IDAHO, | ) | 2011 Opinion No. 63 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 31, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KIMBERLY D. JONES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction entered upon conditional guilty plea to two counts of possession of a controlled substance, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Kimberly D. Jones appeals from her judgment of conviction entered upon a conditional guilty plea to two counts of possession of a controlled substance. Specifically, under her reserved rights in the conditional plea, Jones challenges the district court's denial of her motion to suppress evidence. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

The central issue in this case arises from the fact that Jones was initially stopped and arrested for reckless driving. Following her arrest, Jones admitted to being in possession of a pipe used for smoking methamphetamine and a small quantity of marijuana. These items were found during the ensuing search incident to her arrest. Jones was charged with one count of felony possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1), and one count of misdemeanor possession of a controlled substance (marijuana), Idaho Code §

37-2732(c)(3). Jones filed a motion to suppress evidence, asserting the search violated her rights under the Fourth Amendment of the United States Constitution and Article I, Section 17 of the Idaho Constitution because her arrest for reckless driving, used to justify the search, was invalid. She argued the arrest exceeded the officer's authority granted in sections 49-1409, 49-1407, and 49-1405(1)(f), (2) of the Idaho Code. After briefing and a hearing on the matter, the district court found the arrest was lawful and denied the motion to suppress. Jones entered a conditional guilty plea pursuant to Idaho Criminal Rule 11(a)(2), reserving her right to appeal the district court's denial of her motion to suppress. Jones timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Because this case presents no factual disputes, the review is limited to issues of the proper application of law to those facts.

## III.

## DISCUSSION

### A.    Authority to Arrest for Reckless Driving Under Idaho Law

Jones challenges the district court's denial of the motion to suppress her statements and evidence seized in the search incident to her warrantless arrest. Jones contends the officer had no legal authority under Idaho law to arrest her for reckless driving, making the ensuing search a violation of her rights under the Fourth Amendment of the United States Constitution and Article I, Section 17 of the Idaho Constitution[1], thereby requiring exclusion of the evidence.

---

[1]    Jones argues that this Court's decision in *State v. Foldesi*, 131 Idaho 778, 963 P.2d 1215 (Ct. App. 1998) provides a basis to hold that Idaho's Constitution affords greater protection against unreasonable searches and seizures than federal constitutional standards and has continuing viability despite the holding in *Virginia v. Moore,* 553 U.S. 164 (2008) (a warrantless arrest based on probable cause, even where the arrest violates state law, does not offend Fourth Amendment principles). Because we conclude that the arrest was authorized under Idaho law, we need not reach Jones's constitutional question of whether *Foldesi* enlarges the scope of protection under the Idaho Constitution beyond that of the Fourth Amendment. *See State v. Doe*, 140 Idaho 271, 273, 92 P.3d 521, 523 ("[W]hen a case can be decided upon a ground other than

2

Search of a person without a warrant is presumptively violative of the Fourth Amendment of the United States Constitution and Article I, Section 17 of the Idaho Constitution unless a recognized exception to the warrant requirement applies. *State v. Diaz*, 144 Idaho 300, 302, 160 P.3d 739, 741 (2007); *State v. LeClercq*, 149 Idaho 905, 907, 243 P.3d 1093, 1095 (Ct. App. 2010). One well-established exception is a search incident to a lawful arrest. *United States v. Edwards*, 415 U.S. 800, 802 (1974); *State v. Foster*, 127 Idaho 723, 728, 905 P.2d 1032, 1037 (Ct. App. 1995). Under Idaho Code section 49-1409, in regards to misdemeanor traffic violations, an officer generally is not authorized to make an arrest; rather, the officer is compelled to issue a citation unless an arrest is required or permitted by another statute elsewhere in Title 49. *See State v. Foldesi*, 131 Idaho 778, 781-82, 963 P.2d 1215, 1218-19 (Ct. App. 1998). Reckless driving is a traffic misdemeanor, Idaho Code § 49-1401, and thus, a warrantless arrest would not be permitted absent some other authority.

Among Title 49 statutes that do grant officers the authority to arrest for traffic misdemeanors are sections 49-1405 and 49-1407.[2] The applicable portion of subsection (1) of section 49-1405 states, "The authority to make an arrest is the same as upon an arrest for a felony when any person is charged with any of the following offenses: . . . (f) Reckless driving." The next subsection of section 49-1405 further states that "[w]henever any person is arrested as authorized in this section, he shall be taken without unnecessary delay before the proper magistrate," except that in a case of a failure to stop at the scene of an accident, reckless driving, or eluding a police officer, the "officer shall have the same discretion as is provided by law." I.C. § 19-1405(2).

Section 49-1407 also gives an officer the authority to make a warrantless arrest for a traffic misdemeanor under limited circumstances. It provides:

> Whenever any person is halted by a peace officer for any misdemeanor violation of the provisions of this title and is not required to be taken before a

---

a constitutional ground, the Court will not address the constitutional issue unless it is necessary for a determination of the case.").

[2] See also section 49-1408, which authorizes the arrest of a non-resident involved in an accident when the officer has probable cause to believe the person has committed a traffic offense and has reasonable and probable grounds to believe the person will disregard a written promise to appear in court.

magistrate, the person shall, in the discretion of the officer, either be given a traffic citation or be taken without unnecessary delay before the proper magistrate . . . in the following cases:

(1) When the person does not furnish satisfactory evidence of identity or when the officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court.

(2) When the person is charged with a violation relating to the refusal of a driver of a vehicle to submit a vehicle to an inspection and test.

(3) When the person is charged with a violation relating to the failure or refusal of a driver of a vehicle to submit the vehicle and load to a weighing or to remove excess weight therefrom.

The outcome of this case turns on whether the officer's "discretion as is provided by law" in subsection (2) of section 49-1405 must be read with, and is limited by, the circumstances which restrict an officer's discretion in section 49-1407, or whether the two statutes give separate authority to arrest for a misdemeanor traffic violation.

Jones argues the language in subsection (2) of section 49-1405 incorporates section 49-1407, and consequently, the officer had no authority to arrest her for reckless driving since none of the circumstances in the latter statute were met. The State asserts the discretion referred to in subsection (2) of section 49-1405 is that which an officer retains to issue a citation, even though the officer can arrest for the offense as if it were a felony.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must interpret ambiguous language, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* Moreover, statutes relating to the same subject matter should be construed together to further the

4

legislature's intent. *State v. Barnes*, 133 Idaho 378, 382, 987 P.2d 290, 294 (1999). It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

In looking to the statutes, we conclude the legislature did not intend for the arresting authority granted in section 49-1405 to be restricted by section 49-1407. This interpretation is dictated by the language of the statutes themselves, read in context. While section 49-1409 restricts general arresting authority for misdemeanor traffic violations, subsection (1) of section 49-1405 and section 49-1407 simultaneously grant arresting authority in certain situations. Specifically, arresting authority is granted in section 49-1405 in relation to seven listed offenses[3] the State legislature finds sufficiently serious to justify an arrest; hence, the statute is titled "Arrests for serious offenses." In contrast, section 49-1407 grants officers discretion to arrest when an officer has reasonable grounds to believe a person will disregard the promise to appear in court, where a person is charged with a violation relating to the refusal of a driver to submit a vehicle to an inspection or test, or where a person is charged with the failure or refusal of the

---

[3]     The seven offenses listed in full are:

> (a) Negligent homicide.
>
> (b) Driving, or being in actual physical control, of a vehicle or operating a vessel while under the influence of alcohol or other intoxicating beverage.
>
> (c) Driving a vehicle or operating a vessel while under the influence of any narcotic drug, or driving a vehicle or operating a vessel while under the influence of any other drug to a degree which renders the person incapable of safely driving a vehicle.
>
> (d) Failure to stop, or failure to give information, or failure to render reasonable assistance, in the event of an accident resulting in death or personal injuries.
>
> (e) Failure to stop, or failure to give information, in the event of an accident resulting in damage to a vehicle or vessel or to fixtures or other property legally upon or adjacent to a highway or waterway.
>
> (f) Reckless driving.
>
> (g) Fleeing or attempting to elude a peace officer.

I.C. § 49-1405(1).

driver to submit the vehicle and load to a weigh in or to remove excess weight. Considering the nature of the offenses addressed by each statute, it is evident the aims of the statutes are quite distinct: section 49-1405 focuses on what the legislature considers serious offenses and elevates certain traffic misdemeanors to treatment like felonies for arrest purposes; section 49-1407 permits arrests for less egregious traffic misdemeanor offenses involving inspections, testing, and weighing of vehicles and in the situation where it appears likely a person will fail to appear in court. This interpretation of the authority granted in sections 49-1405 and 49-1407 is consistent with our previous intimation that these provisions are to be read as separate grants of arresting authority for particular types of misdemeanor traffic offenses. *Foldesi*, 131 Idaho at 782 n.4, 963 P.2d at 1219 n.4.

Also, in considering the entirety of Title 49, it is apparent that where the legislature intended for one part of Title 49 to be construed according to other provisions within that title, it did not hesitate to add in such references. For example, section 49-1407 itself refers to section 49-1411, which outlines the proper procedure for an appearance before a magistrate. Another example is in section 49-1401, which defines reckless driving. That section refers specifically to section 49-326 to determine the suspension of the driver's license or privileges. It is quite obvious that had the legislature intended section 49-1405 to be restricted by section 49-1407, it would have explicitly done so.

It is apparent that the language in subsection (2) of section 49-1405, stating "a peace officer shall have the same discretion as is provided by law," refers to the discretion an officer retains to issue a citation, even though the officer can arrest for reckless driving as if it were a felony, and any other discretion that may be conferred by law in connection with an arrest.[4] Accordingly, we find that sections 49-1405 and 49-1407 provide officers separate authority to arrest for a misdemeanor traffic violation, including reckless driving. Because the requirements of section 49-1407 do not apply to arrests which are permissible under section 49-1405, Jones's arrest was valid.

---

[4]     *See* Idaho Code § 49-1409 ("Whenever a person is halted by a peace officer for a misdemeanor traffic violation . . . the officer shall issue a citation . . . .) and Idaho Code § 19-603 ("A peace officer . . . *may, without a warrant, arrest a person*: 1. For a public offense committed or attempted in his presence. 2. When a person arrested has committed a felony, although not in his presence. . . ." (emphasis added)).

**B.    The Rule of Lenity**

Jones argues that if section 49-1405 is ambiguous when read as a whole, this Court must resolve it in favor of her and find her arrest was not authorized. The rule of lenity requires that ambiguous criminal statutes should be read narrowly and be construed in favor of the defendant. *State v. Anderson*, 145 Idaho 99, 103, 175 P.3d 788, 792 (2008). However, this rule does not require a court to disregard the purpose of a statute when it is clear from the context. *See State v. Hale*, 116 Idaho 763, 766, 779 P.2d 438, 441 (Ct. App. 1989). Though the language in subsection (2) of section 49-1405 may be ambiguous when read alone, when examined within context, the purpose of the statute is clear. Therefore, this Court is not compelled to construe the statute in Jones's favor where that result would be contrary to the clear intent of the relevant statute.

## IV.

## CONCLUSION

We conclude Jones's arrest was authorized under Idaho statutes and valid. Therefore, the district court properly denied her motion to suppress evidence, and we affirm Jones's judgment of conviction.

Judge LANSING and Judge MELANSON **CONCUR.**