IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39943

STATE OF IDAHO, )
) 2013 Opinion No. 56
Plaintiff-Respondent, )
) Filed: October 25, 2013
v. )
) Stephen W. Kenyon, Clerk
JAMES CLAYTON BRADSHAW, )
)
Defendant-Appellant. )
)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgment of conviction for felony destruction of evidence and being a persistent violator of the law, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

MELANSON, Judge

James Clayton Bradshaw appeals from his judgment of conviction for felony destruction of evidence and being a persistent violator of the law. Specifically, Bradshaw argues that the evidence presented to the jury was insufficient to support the verdict. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Bradshaw was arrested for driving without privileges after an officer observed him drive into a parking lot and exit his vehicle. The officer searched Bradshaw and placed items taken from him onto the trunk of Bradshaw's vehicle. The items included a small plastic baggie containing a white, powdery substance. Before Bradshaw could be placed in a patrol car, he lunged back toward his vehicle, threw himself on the trunk, grabbed the baggie with his mouth, and swallowed the item before officers could retrieve it. A drug detecting canine subsequently

1

alerted to the spot on the trunk of Bradshaw's vehicle where the item had been located. Officer testimony, based upon the appearance of the substance and the dog's alert where the baggie had been, showed that the substance was likely either cocaine or methamphetamine and possession of either substance is a felony.

Bradshaw was charged with felony destruction, alteration or concealment of evidence, I.C. § 18-2603, and with being a persistent violator of the law, I.C. § 19-2514. Bradshaw was found guilty, and the district court sentenced him to a unified term of ten years, with a minimum period of confinement of two years. Bradshaw appeals.

## II.

## ANALYSIS

Bradshaw argues that there was insufficient evidence to support his conviction for felony destruction of evidence. Specifically, Bradshaw asserts that this Court's interpretation of I.C. § 18-2603, as set forth in *State v. Peteja*, 139 Idaho 607, 83 P.3d 781 (Ct. App. 2003), was incorrect because it examined legislative history and public policy in interpreting the ambiguous portion of the statute, but failed to consider the rule of lenity. Bradshaw invites this Court to overturn *Peteja*, apply the rule of lenity as he understands it, and construe the statute in his favor by holding that an investigation involves a felony offense only when the investigation is for a felony at its inception.

Stare decisis dictates that we follow controlling precedent, unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overturning it is necessary to vindicate plain, obvious principles of law and remedy continued injustice. *State v. Grant*, 154 Idaho 281, 287, 297 P.3d 244, 250 (2013); *State v. Dana*, 137 Idaho 6, 9, 43 P.3d 765, 768 (2002).

Bradshaw asserts that in *Peteja* this Court should have applied the rule of lenity when construing I.C. § 18-2603 and failure to do so requires that we overturn that case. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative

2

history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation that will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004). Additionally, if a criminal statute is ambiguous, the rule of lenity applies and the statute must be construed in favor of the accused. *State v. Dewey*, 131 Idaho 846, 848, 965 P.2d 206, 208 (Ct. App. 1998). However, where a review of the legislative history makes the meaning of the statute clear, the rule of lenity will not be applied. *State v. Jones*, 151 Idaho 943, 947, 265 P.3d 1155, 1159 (Ct. App. 2011).

Idaho Code Section 18-2603 provides:

> Every person who, knowing that any book, paper, record, instrument in writing, or other object, matter or thing, is about to be produced, used or discovered as evidence upon any trial, proceeding, inquiry, or investigation whatever, authorized by law, wilfully destroys, alters or conceals the same, with intent thereby to prevent it from being produced, used or discovered, is guilty of a misdemeanor, *unless the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense, in which case said person is guilty of a felony* and subject to a maximum fine of ten thousand dollars ($10,000) and a maximum sentence of five (5) years in prison.

(Emphasis added.) In *Peteja*, this Court interpreted the emphasized portion of this statute, which elevates destruction of evidence to a felony offense if the investigation, inquiry, proceeding, or trial involves a felony. *Peteja*, 139 Idaho at 611-12, 83 P.3d at 785-86. The facts in *Peteja* are very similar to the facts here--both cases involving a defendant (initially being investigated for a misdemeanor offense) who swallowed a white, powdery substance wrapped in clear plastic. Peteja argued that the nature of an investigation is fixed at the time the investigation begins and that the statute only applies if evidence was destroyed during an investigation initially involving a felony. We determined the statutory language "involves a felony offense" to be ambiguous in this regard. *Id.* at 611, 83 P.3d at 785. After reviewing the statute's statement of purpose and the underlying public policy, we noted that the nature of an investigation--whether misdemeanor or felony--was not set at inception, thereby fixing forever the destruction of evidence offense a

3

person could commit. *Id.* at 611-12, 83 P.3d at 785-86. Instead, we held that whether an investigation "involves a felony offense" depends on whether the evidence that was destroyed, altered, or concealed would have tended to demonstrate the commission of a felony. *Id.* at 612, 83 P.3d at 786.

Bradshaw does not dispute that the portion of I.C. § 18-2603 at issue here is ambiguous. Instead, he asserts that the rule of lenity limits the means of determining legislative intent for an ambiguous criminal statute to the statutory language. Although determining legislative intent begins with the plain language of the statute, it does not end there. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. The rule of lenity does not require courts to disregard legislative history, public policy, or the context of the statutory language when determining the intent of the legislature. *Jones*, 151 Idaho at 946-47, 265 P.3d at 1158-59; *see also State v. Hale*, 116 Idaho 763, 766, 779 P.2d 438, 441 (Ct. App. 1989) (noting, in dicta, that the rule of lenity does not require complete disregard of the clear purpose of a legislative enactment). Also, the mere existence of some statutory ambiguity or the possibility of articulating a narrower construction is not sufficient to warrant application of the rule, as most statutes are, to some degree, ambiguous or susceptible to a narrower reading. *Muscarello v. United States*, 524 U.S. 125, 138-39 (1998); *Smith v. United States,* 508 U.S. 223, 239 (1993).

There must be a grievous ambiguity or uncertainty in the statute that is not resolved by looking at the text, context, history or policy of the statute, thereby allowing for multiple reasonable constructions. *See Jones*, 151 Idaho at 946-47, 265 P.3d at 1158-59; *see also Muscarello*, 524 U.S. at 138-39 (stating that the rule of lenity applies only if the court can make no more than a guess as to Congress's intent after looking to everything that might help determine that intent); *Ladner v. United States*, 358 U.S. 169, 177 (1958) (stating that the rule of lenity applies only when neither the wording of the statute or the legislative history points clearly to a single meaning of a statute). Only then, when there is an interpretive "tie" between two or more reasonable readings, is a court mandated to strictly construe the ambiguous statute in favor of the defendant and apply the rule of lenity. *See Jones*, 151 Idaho at 947, 265 P.3d at 1159. This satisfies the admonition that the courts are without power to supply what the legislature has left vague. *See State v. Hahn*, 92 Idaho 265, 267, 441 P.2d 714, 716 (1968).

Nevertheless, Bradshaw argues that this approach to the rule of lenity is supported only in the dicta of Idaho case law and Idaho courts have never explicitly adopted an approach similar to the federal rule of lenity that allows for examination of legislative history. He fails, however, to

identify any case law from this jurisdiction or any other supporting his contention that the rule of lenity should not just be applied first in statutory construction, but should be the only means of interpreting an ambiguous criminal statute. Indeed, the federal rule of lenity has long been treated as an interpretive last resort. *See Callanan v. United States*, 364 U.S. 587, 596 (1961) ("The rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers. That is not the function of the judiciary."); *Ladner*, 358 U.S. at 177 (stating the rule of lenity is applicable only after resorting to the plain language of the statute and its legislative history). Bradshaw has not articulated a reasonable ground for this Court to deviate from this approach. As a result, we hold that Bradshaw's interpretation of and approach to the rule of lenity is incorrect. We further hold that the rule of lenity applies only when grievous ambiguity or uncertainty in a criminal statute that is not resolved by looking at the text, context, legislative history, or underlying policy of the statute allows for multiple reasonable constructions. Because he has made no argument that the ambiguity in I.C. § 18-2603 remains after examining its legislative history and underlying public policy, Bradshaw has failed to show that this Court should have applied the rule of lenity in *Peteja*.

Bradshaw also argues that this Court's interpretation of I.C. § 18-2603 in *Peteja* impermissibly expanded the scope of the statute. He asserts that *State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980) supports his position and should control. In *Thompson*, the Idaho Supreme Court interpreted I.C. § 19-2520, which provides for a sentencing enhancement when a firearm or other deadly weapon is used to commit one of several enumerated felonies. The Court rejected a construction of the statute that would have expanded the scope of the enhancement to apply to offenses and persons not listed in the statute, noting that the statute's plain language did not allow for an inference that the proposed interpretation was intended by the legislature. *Thompson*, 101 Idaho at 437-38, 614 P.2d at 977-78. The Court held that a criminal statute must be sufficiently explicit so that all persons subject thereto may know what conduct on their part will subject them to its penalties and that courts are powerless to supply what the legislature has left vague. *Id.* at 437, 614 P.2d at 977.

The prohibition on enlarging the scope of a criminal statute to include acts not explicitly stated by the legislature, as set forth in *Thompson*, was not implicated in *Peteja*. Unlike the interpretation rejected in *Thompson*, the interpretation in *Peteja* did not expand the scope of I.C. § 18-2603 to apply to individuals or acts not explicitly stated in the statute. Instead, the

interpretation gave effect to the legislature's clear intent to link the severity of the punishment for destruction of evidence to the nature of the evidence destroyed. Accordingly, we hold that the interpretation set forth in *Peteja* did not impermissibly expand the scope of I.C. § 18-2603.

Bradshaw further argues that the interpretive analysis used in *Peteja* is inconsistent with that set forth by the Idaho Supreme Court. However, the Court recently used the same analysis as was used in *Peteja* when interpreting an ambiguous criminal statute to determine legislative intent. *See State v. Jones*, 154 Idaho 412, 418, 299 P.3d 219, 225 (2013) (interpreting the term "resistance" in the Idaho rape statute, I.C. § 18-6101). In *Jones*, the Court stated that determining the intent of the legislature required examination of the literal words of the statute, the context of those words, the public policy behind the statute, and its legislative history; however, the Court made no mention of the rule of lenity in its analysis of the ambiguous criminal statute. *Id.* Instead, the Court noted a lack of legislative history or statutory definition and determined the legislative intent by examining the common law and the statute's underlying public policy. *Id.* Thus, the analysis used in *Peteja* is consistent with the analysis utilized by the Idaho Supreme Court.

Bradshaw has failed to show that this Court's holding in *Peteja* is either manifestly wrong, has proven to be unjust or unwise, or is inconsistent with the longstanding principles set out above. Therefore, stare decisis demands that we uphold *Peteja*.

## III.
## CONCLUSION

We decline Bradshaw's invitation to overturn *Peteja*, as he failed to show that this Court's interpretation of I.C. § 18-2603 in *Peteja* was manifestly wrong or that time has proven it unjust or unwise. Because Bradshaw's insufficiency of the evidence argument relies on the belief that *Peteja* was wrongly decided, we conclude that Bradshaw has failed to show that the evidence presented was insufficient to support his conviction for felony destruction of evidence. Accordingly, we affirm Bradshaw's judgment of conviction for felony destruction of evidence and being a persistent violator of the law.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

6