ON DENIAL OF PETITION FOR REHEARING
HORTON, Justice.
The State has petitioned for rehearing, explaining: “The [State] requests rehearing because this Court has never held that citing superseded authority on an issue before the trial court forecloses citing the correct au- *277 thonty on appeal.” In support of this contention, the State argues:
Idaho’s legal standard requiring compliance with state arrest statutes was superseded with regard to the Fourth Amendment by precedent of the Supreme Court of the United States in 2008. [Virginia v. Moore, 553 U.S. 164, 178, 128 S.Ct. 1598, 1608, 170 L.Ed.2d 559, 571-72 (2008)], (The Fourth Amendment “does not require the exclusion of evidence obtained from a constitutionally permissible arrest.”). Even so, the Idaho Court of Appeals was still applying this standard in 2011, in a case cited by the parties. See [State v. Jones, 151 Idaho 943, 265 P.3d 1155 (Ct. App. 2011) ]. The standard requiring compliance with state law for an arrest to be “lawful” for purposes of a search incident to arrest was not formally abandoned, regarding both the Fourth Amendment and the Idaho Constitution, until 2015. State v. Green, 158 Idaho 884, 887, 354 P.3d 446, 449 (2015).
As the above shows, when the state and the defendant briefed the issue in 2013, and when the district court decided it, there were three Court of Appeals decisions on point regarding the legal standard applicable to the search incident to arrest exception, which decisions were consistent with long-standing precedent of this Court. The parties cited the relevant Idaho precedents and made their arguments based on those precedents. At the time, a superseding precedent by the Supreme Court of the United States existed, but had never been applied in the context of the legality of a search incident to an arrest that did not comply with state law.
(footnote omitted, emphasis added). The State’s brief in support of rehearing concludes:
In this case both parties, and the district court, relied on Idaho Court of Appeals precedent applying a decades-old Idaho standard that held that the search incident to arrest exception required compliance with state arrest law. It was not dear at that time that this standard had been superseded by Supreme Court of the United States precedent, and in fact was not so held by an Idaho Appellate Court until more than a year after the district court’s suppression ruling. The state submits that it did not waive application of the correct legal standards governing the legality of a search incident to arrest by citing superseded standards to the district court under the facts and circumstances of this case. The state therefore requests rehearing on this issue.
(emphasis added).
The State’s factual assertion as to when this case was argued and decided by the district court is inaccurate. The proceedings before -the district court did not take place in 2013. The Information was filed May 1, 2014. The motion to suppress was filed on June 10, 2014. The evidentiary hearing on the motion to suppress was held on June 13, 2014. The State’s memorandum in opposition to the motion was filed the same date. The defense reply to the State’s brief was filed on July 7, 2014. The State filed its response to the reply brief on July 22, 2014. The parties presented their arguments to the district court on August 8, 2014, and the district court memorandum opinion on the motion was filed October 1, 2014.
The State’s legal premise is also inaccurate. The State’s discussion of the Court of Appeals’ decision in State v. Jones, 151 Idaho 943, 265 P.3d 1155 (Ct. App. 2011), is not well taken. The State ai’gues in a footnote that in Jones, “[t]he Court of Appeals specifically declined to address the effect of Moore on Idaho law because it found that the arrest complied with the statute. Jones, 151 Idaho at 945 n.1, 265 P.3d at 1157 n.1.” This is a misreading of what took place,
There, “Jones filed a motion to suppress evidence, asserting the search violated her rights under the Fourth Amendment of the United States Constitution and Article I, Section 17 of the Idaho Constitution....” Id. at 944, 265 P.3d at 1156 (emphasis added). There is a footnote in Jones which the State cites in its brief (but does not quote) which demonstrates that the Court of Appeals had a clear understanding of the effect of Moore on Idaho’s Fourth Amendment jurisprudence, but the doctrine of constitutional avoidance required the Court of Appeals to *278 determine whether there had been a violation of Idaho Code section 49-1407:
Jones argues that this Court’s decision in State v. Foldesi, 131 Idaho 778, 963 P.2d 1215 (Ct.App. 1998) provides a basis to hold that Idaho’s Constitution affords greater protection against unreasonable searches and seizures than federal constitutional standards and has continuing viability despite the holding in Virginia v. Moore, 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) (a warrantless arrest based on probable cause, even where the arrest violates state law, does not offend Fourth Amendment principles). Because we conclude that the arrest was authorized under Idaho law, we need not reach Jones’s constitutional question of whether Foldesi enlarges the scope of protection under the Idaho Constitution beyond that of the Fourth Amendment. See State v. Doe, 140 Idaho 271, 273, 92 P.3d 521, 523 [2004] (“[W]hen a case can be decided upon a ground other than a constitutional ground, the Court will not address the constitutional issue unless it is necessary for a determination of the case.”).
State v. Jones, 151 Idaho 943, 945 n.1, 265 P.3d 1155, 1157 n.1 (Ct. App. 2011).
The State’s contention that no appellate court of this State had addressed this issue at the time of the hearing is equally flawed. Although we believe the State’s statement as to the timing of the proceedings before the district court is an inadvertent error, the effect is that the status of appellate jurisprudence at that time is misrepresented. One year before the proceedings in the district court, the Court of Appeals released its decision in State v. Branigh, 155 Idaho 404, 313 P.3d 732 (Ct. App. 2013), review denied.
In Branigh, the Court of Appeals applied the rule of law pronounced in Moore, and in so doing, categorically rejected the premise that violation of statutes or court rules could result in suppression of evidence. The Court of Appeals framed the issue as whether a violation of Idaho Criminal Rule 41(a) called for suppression of telephone records obtained by faxing a search warrant to a cell phone provider in Kansas, despite the rule’s territorial limitation. Id. at 411, 313 P.3d at 739. The Court of Appeals concluded that it did not. Id. at 415, 313 P.3d at 743. The Court of Appeals began with this declaration:
We find this argument to be without merit because the exclusionary rule requires suppression of evidence only when constitutional restraints on searches or seizures have been violated. Decisions of both the United States Supreme Court and the Idaho Supreme Court establish that the violation of state statutes in the conduct of a search or arrest does not justify suppression so long as constitutional standards are met.
Id. at 412, 313 P.3d at 740 (italics in original, bold added). Discussing Moore, the Court of Appeals stated: “The Supreme Court held that although the arrest was unlawful under state law, suppression was not warranted because the existence of probable cause for the arrest satisfied the Fourth Amendment.” Id.
The Court of Appeals then observed that “Idaho Supreme Court authority comports with the foregoing federal court decisions.” Id. at 413, 313 P.3d at 741. The Court of Appeals cited five decisions of this Court, discussing three at length. Id. at 413-14, 313 P.3d at 741-42. Significantly, the Court of Appeals discussed an earlier decision by this Court addressing a statutory violation as grounds for suppressing evidence:
In State v. Zueger, 143 Idaho 647, 650, 152 P.3d 8, 11 (2006), a warrant was issued in violation of I. C. § 19-4.106, which limits those who may sign a magistrate judge’s name to a warrant to the magistrate himselfiherself or an authorized peace officer. The magistrate had authorized a prosecutor to sign the magistrate’s name to a warrant. The Idaho Supreme Court held that this error did not constitute a constitutional violation, stating:
In order to rise to the level of a constitutional violation, there must be a defect which calls into question the Constitution’s requirement of a finding of probable cause to justify issuance of the warrant. Article I, section 17 of the Idaho Constitution provides that ‘no warrant shall issue without a finding of probable cause....’ [A] mere procedural error, *279 which does not implicate the defendant’s constitutionally protected rights, should not serve to invalidate the otherwise properly issued warrant....
Id. at 414, 313 P.3d at 742 (emphasis added). The Court of Appeals also cited our decision in State v. Skurlock, 150 Idaho 404, 405-07, 247 P.3d 631, 632-34 (2011), noting in a parenthetical that the case involved “a nighttime search was conducted, allegedly in violation of I.C. § 19-4411 and I.C.R. 41(c)” and that this Court held that “suppression was not warranted because no constitutional violation was shown.” Branigh, 155 Idaho at 414, 313 P.3d at 742.
In summary, the Court of Appeals’ decision in Branigh squarely rejected the legal proposition that the parties litigated before the district court in this case more than a year before those proceedings took place. Because the State’s petition for rehearing is based upon factual and legal premises which are devoid of merit, it is denied.
Chief Justice BURDICK and Justices EISMANN, JONES and BRODY concur.