**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44023**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 635 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 27, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| OLAF HANSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Charles Hosack; Hon. Cynthia K. C. Meyer, District Judges.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Olaf Hanson appeals from the district court's denial of his motion to suppress. He argues that the district court erred when it found his consent to search the vehicle he was driving voluntary. Hanson contends that the officer made a false claim of authority rendering Hanson's consent involuntary. For the reasons explained below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hanson was stopped for having a broken tail lamp and an expired registration. While pulling over, Hanson reached down under, between, and behind the seats of the vehicle that he was driving. When the officer asked Hanson what he was hiding, Hanson claimed he was not

1

hiding anything before changing his story, claiming to have been playing with his keys and then claiming he was playing with his cellphone. The officer then asked Hanson to exit his vehicle. Once outside, the officer began to question Hanson once more. At one point, the officer asked, "What's under the seat?" following up with, "You might as well tell me, I'm gonna go look." After asking some more questions, the officer then asked Hanson for permission to search the entire vehicle. Hanson consented. During the search of the vehicle, the officer discovered a bag of marijuana stuffed between the seats and placed Hanson under arrest. Another officer subsequently found a handgun and a paraphernalia pipe in a duffel bag located behind the driver's seat.

Hanson was charged with unlawful possession of a firearm, Idaho Code § 18-3316; possession of a controlled substance (under three ounces), Idaho Code § 37-2732(c); possession of drug paraphernalia, Idaho Code § 37-2734A; providing false information to a law enforcement officer, Idaho Code § 18-5413(2); and driving while suspended, Idaho Code § 18-8001. Hanson moved to suppress the evidence seized during and after the search of the vehicle. The district court denied the motion to suppress, finding that under the totality of the circumstances Hanson's consent to search was voluntarily given.

Hanson pled guilty to providing false information and driving while suspended. A jury subsequently found Hanson guilty of unlawful possession of a firearm, possession of marijuana, and possession of drug paraphernalia. The district court sentenced Hanson, retained jurisdiction, and entered judgment on January 22, 2008. Hanson filed an appeal, but the appeal was dismissed. On June 12, 2008, the district court placed Hanson on probation. Hanson appealed from the judgment placing him on probation. This appeal was dismissed as well.

Hanson filed for post-conviction relief in 2012. Both parties stipulated that Hanson "be allowed to pursue his appeal" from the judgment filed on June 12, 2008. On February 24, 2016, the district court reentered the January 22, 2008, judgment. Hanson appealed from the reentered judgment.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

2

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The Fourth Amendment to the United States Constitution guarantees protection from unreasonable searches and seizures. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975); *State v. Martinez*, 129 Idaho 426, 429, 925 P.2d 1125, 1128 (Ct. App. 1996). The reasonableness standard requires a balancing of the public interest and the individual's privacy interest against governmental intrusion. *Brignoni-Ponce*, 422 U.S. at 878; *State v. Godwin*, 121 Idaho 491, 495, 826 P.2d 452, 456 (1992). Article I, Section 17, of the Idaho Constitution is generally construed consistently with the Fourth Amendment to the United States Constitution; however, we are free to extend greater protections under our constitution than those granted by the Fourth Amendment. *State v. Thompson*, 114 Idaho 746, 748, 760 P.2d 1162, 1164 (1988).[1]

Warrantless searches of automobiles violate the Fourth Amendment, unless a recognized exception to the warrant requirement is applicable. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *State v. Foldesi*, 131 Idaho 778, 779, 963 P.2d 1215, 1216 (Ct. App. 1998). Consent to the search provides an exception to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *State v. Cooper*, 136 Idaho 697, 699, 39 P.3d 637, 639 (Ct. App. 2001). The State must prove that any consent is voluntary rather than the result of duress or coercion, direct or implied. *Schneckloth*, 412 U.S. at 222. In determining whether a defendant's consent was voluntary in a particular case, the court must assess the totality of all the surrounding circumstances. *Id.* at 226. Factors to be considered include whether there were numerous officers involved in the confrontation; the location and conditions of the consent, including whether it was at night; whether the police retained the individual's identification;

---

[1] Because Hanson does not contend that Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Hanson's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

whether the individual was free to leave; and whether the individual knew of his right to refuse consent. *State v. Jaborra*, 143 Idaho 94, 97, 137 P.3d 481, 484 (Ct. App. 2006).

We have previously explained that a determination of voluntariness, which can only be reached after an assessment of the totality of the circumstances, does not turn on the presence or the absence of a single controlling criterion. *Id.* However, Hanson asserts that if a police officer falsely or erroneously makes a claim of lawful authority to conduct a search, there can be no consent. Both the United States Supreme Court and Idaho Supreme Court have adopted this bright-line rule for situations in which police officers falsely represent that they have a valid warrant. *Bumper v. North Carolina*, 391 U.S. 543, 548-49 (1968); *State v. Smith*, 144 Idaho 482, 488, 163 P.3d 1194, 1200 (2007).

Hanson first contends that the district court erred as a matter of law by finding that the officer's claim of authority was not false or erroneous. Hanson directs us to *New York v. Class*, 475 U.S. 106, 114-15 (1986), in which the United States Supreme Court held that the Fourth Amendment protects a vehicle's interior from unreasonable intrusions by the police. We have also addressed this issue. *See State v. Metzger*, 144 Idaho 397, 162 P.3d 776 (Ct. App. 2007). In *Metzger*, we held that an officer's examination of the vehicle's interior, while standing just outside the vehicle in the driver's side doorjamb and aided by a flashlight, is not a "search" in the Fourth Amendment sense. *Id.* at 402, 162 P.3d at 781. We also noted that an officer could lawfully approach the car and view the dashboard through the windshield. *Id.* at 400, 162 P.3d at 779. Hanson argues that the district court's speculation that the officer could have peered under the seat and looked around was incorrect as a matter of law. However, the district court had previously hypothesized that it would have been permissible for the officer to "at least go up to the door and peek in." This is consistent with *Metzger*. The officer in this case could have walked up to the driver's side door, which was already open, crouched down, directed his flashlight toward the area where the floorboard started to go under the seat, and looked to see if a cellphone or key was visible.

Hanson further contends that even if the officer meant that he was going to hover just outside the driver's side door and look inside, that is not what a "typical reasonable person" would have understood the officer's statement--"I'm gonna go look"--to mean. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991). To support this contention, Hanson cites to *State v. Silva*, 134 Idaho 848, 853, 11 P.3d 44, 49 (Ct. App. 2000). In *Silva*, the officer asked for permission to

4

"look through" the defendant's truck. This Court held that a reasonable and prudent officer would have viewed the defendant's consent as permission to search the entire cab, not just look at it. But the facts in this case are different, which is why the district court implicitly found that a reasonable person would have believed the officer meant he was going to go peek under the seat, not physically enter the car and search it. Though the district court did not use the words "typical reasonable person," it applied that standard implicitly by recognizing that the officer's statement could be interpreted in multiple ways before finding that "in the context of this particular exchange" the officer meant he was going to look under the seat, not actually search the car. Because whether consent to a search was voluntary is a question of fact, and our standard of review requires that we accept a trial court's factual findings unless they are clearly erroneous, we are required to accept the district court's finding of voluntariness, as this finding was not clearly erroneous.[2] *Jaborra*, 143 Idaho at 97, 137 P.3d at 484.

## IV.

## CONCLUSION

Because we hold that the officer's statements were not false or erroneous and because we accept the district court's factual finding of voluntariness, the district court's order denying Hanson's motion to suppress is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[2] The district court's findings were based, at least in part, on review of video and audio evidence from the stop. These exhibits were destroyed in good faith after Hanson had been provided notice of the intent to destroy them and, as a result, this Court is unable to view the exhibits.

5